## CIRCUIT COURT OF FAIRFAX COUNTY

Berta Benitez

v.

Ford Motor Co. et al.

June 14, 2005

Case No. (Law) 222545

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on May 6, 2005, on the Plaintiff's Motions to Strike the Defendant's Affirmative Defenses and to Strike the Defendant's Demurrer. At that time, the Court, having reviewed the pleadings and heard the arguments of counsel, struck affirmative defenses numbers 1, 2, 3, and 6. Defenses numbers 4 and 5 were withdrawn by counsel, and defenses numbers 7, 8, and 9 were allowed to remain.

The Court also found that the Defendant's filing of unsubstantiated and unsupported affirmative defenses without a single ascertainable fact to back up the pleadings a violation of Va. Code Ann. § 8.01-271.1. The Court ordered Mr. Wise, the attorney who signed the pleadings, to pay a sanction of $2,000 to the Plaintiff's attorney for the costs involved in bringing this matter to the Court. Mr. Wise did not attend the hearing but sent an associate to argue the motion.

Mr. Wise has now submitted a Motion to Reconsider the Court's ruling with respect to the sanctions. While Mr. Wise objects to the Court's striking of affirmative defenses 1, 2, 3, and 6, Mr. Wise asks only that the Court reconsider and vacate its ruling with respect to the sanctions. Mr. Wise ends his Motion with a request to be heard on the matter, so that Mr. Wise may explain to the Court his good faith basis for his actions.

*Factual Background*

The Plaintiff, Berta Benitez, claims to have been injured when a defective airbag, installed on a vehicle sold by the Defendant, inflated during a collision and caused her to lose the sight in one eye and suffer injury to the other. Benitez was a passenger at the time of the collision.

Defendant Koons Ford (Koons) filed an Answer and affirmative defenses, claiming, among other things, that Benitez was contributorily negligent (Contributory Negligence, Defense # 1), that she assumed the risk (Assumption of Risk, Defense # 2), that it is not responsible for the negligence and breach of duty of a third party over whom Koons had no control (Third Party Negligence and Breach of Duty, Defense # 3), and that Plaintiff has failed to mitigate her damages (Failure to Mitigate Damages, Defense # 6). These are the defenses the Court struck.

Koons also claimed that the Plaintiff's claims were barred in whole or part by the terms of any applicable limited warranty, that any alleged non-conformity of the vehicle was the result of abuse, misuse, neglect, or unauthorized modifications or alterations of the vehicle by the Plaintiff or others, and that the Plaintiff failed to comply with the provisions of the manufacturers limited written warranty. These provisions were not struck, upon representation by counsel that discovery may lead to sufficient evidence to substantiate these claims. It should be noted here that again, no facts were pleaded to substantiate the three defenses allowed to stand, but the Court conceded that of all the affirmative defenses, there was at least a possibility that some interpretation or facts could be gleaned from reading the applicable warranties, which were not in evidence. The Court found that these three affirmative defenses differed from the four struck.

> The Court: I am going to overrule 7, 8, and 9 without prejudice. If it comes to a point that you do discovery and you want to make a motion – at least, I guess at that point it will be a partial summary judgment – that is not a valid defense – you can do it. But it seems to me that those three, 7, 8, and 9, are different from 1, 2, and 3, and that there is a factual basis, the factual basis being whatever the express written warranty says the terms of it are and how it is applied or – and/or – interpreted by the applicable case law.

Koons also pleaded that the claims were barred by the applicable Statutes of Limitations, which defense was withdrawn, that the Plaintiff's

158

Motion for Judgment failed to state a cause of action upon which relief could be granted, which is not an affirmative defense, and was withdrawn at the hearing. Koons also pleaded as an affirmative defense its denial of any express or implied warranty based on Va. Code Ann. § .2-607(3) and § 8.2-608(2), both of which are sections of the Commercial Code and apply to the repudiation of non-conforming goods by a purchaser and form the basis for a claim against a seller. This defense is obviously inapplicable in the instant case. Finally, Koons specifically reserved the right to rely upon any and all other defenses that may become applicable or available up to and including the time of trial (Defense # 11, the "catch-all" defense).

## Motion for Reconsideration

The first assignment of error that Mr. Wise presents in his Motion is his assertion that his filing of the struck affirmative defenses did not violate Va. Code Ann. § 8.01-271.1. He asserts that "the Court imposed sanctions on the position that, unless Defendants had *fully developed the facts to support their affirmative defenses as of filing,* the assertion of those affirmative defenses violated Virginia Code § 8.01-271.1." Motion for Reconsideration, p. 3 (emphasis added).

This assertion is in error. The Court repeatedly asked counsel for any fact, even a single fact, to support the contentions that the Plaintiff could have been contributorily negligent, could have assumed a known risk, that a breach of duty or care by a third-party was the proximate cause of the Plaintiff's injuries, or that the Plaintiff failed to mitigate her damages under a contract claim.

Counsel admitted that there was no factual basis for the defensive claim of contributory negligence. In addition, the Court asked Counsel for any authority from any one of the fifty states that stood for the proposition that a passenger in an automobile could be contributorily negligent by being seated in that automobile, and Counsel could not.

Contrary to Mr. Wise's assertion, the Court did not require the facts for the defense of contributory negligence to be fully developed. The Court asked for a single fact, or even an argument that a fact could reasonably be developed from discovery to support the defense of a passenger in a car being contributorily negligent, and Counsel could not provide one. Not in the response to Plaintiff's Motion to Strike Affirmative Defenses nor during oral argument.

The same issue arose with assumption of risk. Defendant's Counsel could not articulate a single, discernable fact that supported its affirmative defense that the Plaintiff assumed the risk when she chose to ride in a Ford automobile, neither in the pleadings filed in response to Plaintiff's Motion to Strike Affirmative Defenses, nor during oral argument.

Argument of the third affirmative defense that alleged the breach of duty or negligence of a third party had much the same result. Plaintiff clearly alleges in her pleadings that the airbag was defective and that it was the defective airbag that caused her injuries. To argue that the proximate cause of the Plaintiff's injuries is the person who caused the accident and who caused the airbag to be deployed is missing the point. The airbag deployed, as it is meant to do. What the Plaintiff alleges is that a defect in the airbag was the proximate cause of her injuries. There are simply no facts – not in the pleadings, not in the Motion in Opposition, and not offered at oral argument – to support an affirmative defense of negligence or breach of duty by someone else. Ford manufactured the vehicle and Koons sold the car; airbags are made to deploy when the vehicle is involved in an accident. It is the airbag itself that the Plaintiff alleges was defective.

The final affirmative defense that the Court struck was the Failure to Mitigate Damages claim. The Defendant alleged in the Answer that Plaintiff Benitez failed to mitigate her damages.

Mitigation of damages is a contract claim; it is a counter to a breach of contract suit for damages. The damages alleged to have been suffered by the Plaintiff are not the type of damages addressed by the "mitigation of damages" counterclaim. A Plaintiff who alleges to have suffered damages resulting from the breach of contract by the other contracting party is obligated to take measures to mitigate those damages before suing on the contract. A Plaintiff who has suffered physical injury from the alleged negligence of another is entitled to seek compensation for those injuries. The fact that there is an alleged breach of contract along with the negligence claim in the Motion for Judgment does not make this a "failure to mitigate damages" issue. The Defendant has not pleaded a single fact to support that premise.

Two of the affirmative defenses, numbers 4 and 5, were withdrawn prior to the hearing "in the spirit of compromise." (Defendant's Memorandum in Opposition to Plaintiff's Motion to Strike Affirmative Defenses, p. 3.) Defense number 4, that the Plaintiff had failed to state a cause of action upon which relief could be granted, was essentially a demurrer. This was brought before this Court at the same hearing on the

Plaintiff's Motion to Strike the Defendant's Demurrer. The Plaintiff's Motion to Strike the Demurrer was granted.

Defense number 5 involves Va. Code Ann. § 8.2-607(3) and § 8.2-608(2), which are sections of the Commercial Code applicable to the repudiation or acceptance of non-conforming goods between a buyer and a seller. Fortunately, this completely inapplicable and specious affirmative defense was withdrawn before the May 6, 2005, hearing.

Defense number 10, wherein Koons states that, "upon information and belief," the applicable Statute of Limitations had run was withdrawn at the hearing. Counsel stated at the hearing that initially, there was some question as to the Statute of Limitations with regard to the express warranty, but again, there were no facts at all pleaded to substantiate that claim.

## Conclusion

Mr. Wise argues in his Motion to Reconsider that, "if this Court find Defendant's and counsel's actions improper, striking those defenses makes that point. Defendants and counsel respectfully submit there is no need to impose sanctions. Even Plaintiff did not think sanctions were warranted, as she did not seek attorney's fees or other sanctions as relief in her motion or memorandum." (Defendant's Motion to Reconsider, p. 5.)

On the contrary, the Court finds the imposition of sanctions to be an appropriate remedy in this case. Counsel for the Defendant was on notice that the Plaintiff asked this Court to strike these affirmative defenses for lack of any factual basis. Both sides readily admit that discovery was taken in the previous, nonsuited case, but even with the benefit of that previous discovery, counsel still could not articulate a single fact to support any of its affirmative defenses in its pleadings or during argument. Negotiations and conferences between the parties did not bring any result except the withdrawal of defenses 4 and 5, one of which was incorrectly filed and the other totally inapplicable. And while Plaintiff did not ask for sanctions to be imposed against Defendant or its counsel, the Defendant had clear warning that the Plaintiff considered these affirmative defenses to be violations of Va. Code Ann. § 8.01-271.1. (Plaintiff's Motion to Strike Affirmative Defenses, p. 5.)

Whether or not the Plaintiff feels that sanctions are appropriate in this case is immaterial. The Court became aware of what it considers to be serious gamesmanship during the course of the May 6 hearing. When the Defendant was asked in Interrogatories to set forth the facts that support

its affirmative defenses, Koons's response was "Since the Plaintiff hasn't provided any expert disclosures to explain their theory of liability, without this information Ford cannot say exactly what affirmative defenses it will intend to pursue." (Transcript, p. 42.) Even when asked directly in discovery, counsel articulated no facts at all to support its pleadings of its affirmative defenses and, at oral argument, could only offer the possibility of additional facts for defenses numbers 7, 8, and 9.

Mr. Wise asks this Court to grant him a hearing so that he may present himself to the Court and explain his good faith basis for the pleadings. This matter was docketed for hearing on May 6, 2005; both sides presented memoranda of law and were aware of the hearing. Mr. Wise chose not to avail himself of the opportunity to explain his good faith basis for pleading affirmative defenses without a single fact to substantiate them. This Court finds no reason now to allow him to come and present the reasons he had every opportunity to present before sanctions were imposed.

"The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law. . . ." Virginia Code § 8.01-271.1.

Mr. Wise signed the pleadings in this case, which included affirmative defenses that should never have been filed, much less withdrawn "in the spirit of compromise." There was no good faith attempt to pare down what this Court considers specious affirmative defenses, and Plaintiff had to incur attorney's fees to come to court to strike what should never have been filed. Far from requiring "fully developed facts" as counsel stated in his Motion to Reconsider, this Court sought in vain to ascertain even a single fact to support any of the defenses offered by Mr. Wise. The filing of such frivolous pleadings, and counsel's refusal to withdraw them in spite of a paucity of any factual support at all, significantly and unnecessarily increases the costs of litigation.

The Court denies the Motion to Reconsider and orders Mr. Wise to pay the sanctions to Plaintiff's counsel no later than the close of business on June 24, 2005.